UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                         Plaintiff,

       -against-

PACE CHESIR, et al.,

                         Defendant.
-----------------------------------------------------------------x

**DECISION & ORDER**

08-cv-2552 (ENV) (SMG)

**VITALIANO, D.J.**

      Defendant Pace Chesir has filed a notice of appeal from the entry of judgment on default in this action and moves, pursuant to Rule 62(d), to stay the execution of this Court's orders foreclosing on the statutory tax lien attached to his residence and authorizing his eviction from and the judicial sale of it. Chesir requests a stay pending appeal without posting the normally required supersedeas bond. In the alternative, however, he offers to supplement the government's existing lien with a cash bond of $150,000.[1]

      Rule 62(d) provides that an appellant may obtain a stay pending appeal "as of right" by posting a sufficient supersedeas bond. Cohen v. Metropolitan Life Ins. Co., 334 F. App'x 375, 378 (2d Cir. 2009); see also Fed. R. Civ. P. 62(d). A court, though, need not require an appellant to post a bond in the full amount of the judgment if such a condition is unnecessary under the

---

[1] The multi-factored analysis of a case's equities cited by both parties is only relevant where a party seeks to stay execution of an order without posting bond. See de la Fuente v. DCI Telecommunications, Inc., 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003) (citing 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2905, 520 (1995)). Given the determinations the Court has already made in the underlying action, most transparently, a detailed analysis of the equities is not required. Indeed, there is no need to tarry on Chesir's request for a stay without bond at all. The Court proceeds directly to the alternative branch of his motion—stay with the posting of a supersedeas bond.

circumstances of the case to protect the appellee's interests. See Morgan Guar. Trust Co. of New York v. Republic of Palau, 702 F. Supp. 60, 65 (S.D.N.Y. 1988) (citing Texaco Inc. v. Pennzoil Co., 784 F.2d 1133, 1154 (2d Cir. 1986), rev'd on other grounds, 481 U.S. 1, 107 S. Ct. 1519 (1987)).

After reviewing each party's submissions, the Court finds that defendant's proffered cash bond in the amount of $150,000 to supplement the government's existing lien will, as of now, adequately protect the government's interest while Chesir's appeal is pending. See Metz v. United States, 130 F.R.D. 458, 459-60 (D. Kan. 1990).[2] This, of course, assumes that, if the sale contract presently in place expires during the pendency of the appeal, the government will be able to secure a new sale contract at or above the current above-market contracted selling price of $999,999.99. Moreover, the Court observes, since interest continues to run, an even larger pool of money will be needed to make the government whole, should it ultimately prevail. Finally, a few housekeeping conditions must be, and below are, ordered to ensure that the government's interests are secured throughout the pendency of the appeal.

In line with the foregoing, the Court grants the alternative branch of Chesir's motion for a stay pending appeal, provided the following conditions are met:

1. Defendant shall file a cash bond in the sum of $150,000 with the Clerk of Court for the Eastern District of New York on or before July 6, 2012, which shall not be discharged without further order of this Court;

2. Defendant shall not sell, assign, transfer, convey, or encumber any interest he claims he has in the property known as 911 Avenue N, Brooklyn, New York ("the property");

---

[2] The government has previously represented that the appraised fair market value of Chesir's property is between $800,000 and $950,000. (Dkt. No. 40-1, ¶¶ 4-6.)

2

3. Defendant shall maintain the property in good repair and keep it insured against fire and casualty loss during the pendency of his appeal;

4. The government shall be added forthwith as an additional insured on each and all of defendant's fire and casualty insurance policies; and

5. The government is granted leave to move this Court, on or after September 3, 2012, to increase the amount of the required cash bond should any change in circumstances justify an increase to maintain security of the government's interests.

**SO ORDERED.**

Dated: Brooklyn, New York
June 28, 2012

s/ ENV

_____
ERIC N. VITALIANO
United States District Judge